IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT L. MUSSER,                  :        Civil Action No. 4:14-CV-0371
                                   :
            Plaintiff,             :        (Judge Brann)
                                   :
      v.                           :
                                   :
CONAGRA FOODS, INC.,               :
                                   :
            Defendant.             :

## MEMORANDUM

April 15, 2015

## I.  BACKGROUND:

On February 28, 2014, Plaintiff, Robert L. Musser, filed a complaint against

his former employer, Defendant, Conagra Foods, Inc., alleging disability

discrimination in violation of 42 U.S.C. § 122112 *et. seq.*  After engaging in

discovery, Defendant filed a Motion for Summary Judgment.  The matter was fully

briefed and oral argument held on February 17, 2015.  The matter is now ripe for

disposition.  For the reasons that follow, Defendant's motion for summary

judgment will be granted.

## II.  DISCUSSION:

### A.  Undisputed Facts

On July 15, 2013, Plaintiff Musser submitted an intake questionnaire to the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging that Conagra discriminated against him.  That intake questionnaire was not signed under oath, affirmation or verification.  *See* Pl.'s Response to Def.'s Statement of Undisputed Material Facts, ECF No. 28 at 1 ¶ 2.  The EEOC sent Plaintiff a letter dated August 29, 2013, which requested further information from Plaintiff in order for the EEOC to investigate the charge and notify Conagra of the charges against it.  Plaintiff disputes receiving this letter. Plaintiff never contacted the EEOC again. Plaintiff does not dispute receiving the subsequent Right to Sue Letter sent by the EEOC to Plaintiff on December 4, 2013.

### B. Standard of Review

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The movant meets this burden by pointing to an absence of evidence supporting an

2

essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In  opposing summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather its response must … set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Service*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *P.N. v. Clementon Bd. of Educ.*, 442

F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported  motion for summary judgment; there must be a genuine issue of material fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## C. Analysis:

The Equal Opportunity Employment Commission is the administrative body which has been "empowered" by Congress to, *inter alia*, investigate a charge of discrimination filed by an aggrieved employee who has alleged discrimination under the Americans with Disabilities Act.  42 U.S.C. §2000e-5.  This statutory provision also requires that a charge "be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C. §2000e-5(b).

The statutory "oath or affirmation" requirement is colloquially referred to as as "verification," as verification is the term used by the EEOC in its administrative regulations.  Specifically, the regulations require that a charge of discrimination

4

"be in writing and shall be verified," with "verified" defined as "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. §§ 1601.9, 1601.3(a).

Defendant argues that this action was procedurally defaulted by Plaintiff because Plaintiff did not verify his claim with the EEOC.  Plaintiff filed his initial charge with the EEOC by filling out an Intake Questionnaire, *see* ECF No. 20-2, then seemingly abandoned his claim.  After completing the Intake Questionnaire, Plaintiff neither responded to the EEOC's requests for response, nor reached out to the EEOC.  *See* ECF No. 20-3 at 1-14.

At oral argument, Plaintiff argued that the onus should be on the EEOC to ensure that claims are verified.  Plaintiff argued that he never received correspondence from the EEOC and, additionally, that the correspondence does not specifically reference the verification requirement.  Plaintiff concludes that he should not be held responsible for not having verified his claim.

Plaintiff filed no exhibits nor any other evidence to substantiate his allegation that the EEOC correspondence went to an incorrect address.   Moreover, Plaintiff's contention that he never received correspondence from the EEOC

appears to be disingenuous.  Plaintiff asserts that he did not receive an August 29, 2013 letter from the EEOC that required "additional information from [Musser] to complete the intake processing and begin our investigation."  ECF No. 29-1 at 1. Notably, however, although Plaintiff argues that the EEOC mailed correspondence regarding investigation of the claim to an incorrect address, he acknowledges receipt of the Right to Sue Letter and attaches it as an exhibit to his complaint. ECF No. 1 at 4, ¶ 4 and at 1-2 at 1.   The Court notes that both letters contain the same address; more notably, the letter contains Plaintiff's correct address.

When pressed about Musser's acknowledged receipt of the Right to Sue letter, Plaintiff's counsel attempted to argue that plaintiff's worker's compensation attorney must have secured the letter, despite that unknown, unnamed attorney having no involvement as counsel for the instant discrimination matter.  When pressed further, Plaintiff's counsel asserted that he did not know how Plaintiff received the Right to Sue Letter as Plaintiff has yet to be deposed.  Counsel would have no need to depose his own client.

The Court does not find Plaintiff's counsel's unsupported and unsubstantiated explanations credible.  Moreover, it is immaterial to the disposition of this case.  The matter turns on the lack of verification, not the lack of receipts of the letter.  The exhibits speak for themselves and support the opposite conclusion

than that suggested by Plaintiff. Both the Right to Sue Letter, ECF No. 1 at 4, ¶ 4 and at 1-2 at 1, and the August 29, 2013 correspondence, ECF No. 29-1 at 1, are addressed to Plaintiff's correct address.

Furthermore, Plaintiff did not provide case law in support of his argument that the burden is on the EEOC to ensure that a charge is verified. The Court suggests that there is no law that supports plaintiffs argument that the onus is on the EEOC to pursue a claim, rather than on the more logical party to pursue a claim, the Plaintiff.

The manner in which courts dispose of unverified claims lies on a continuum. Cases demonstrating inaction, like that of Plaintiff, lie on one end of that spectrum. The case law he cites lies on the opposite end of that spectrum. Counsel asserted at oral argument that Musser is an exceptional case, which should lie at the far end of the spectrum. The facts don't support this contention.

The factual background of Plaintiff's case is almost identical to the principal case relied on by Defendant, *Danley v. Book-of-The-Month-Club, Inc.*, 921 F. Supp. 1352 (M.D. Pa. 1996) (Caldwell, J.) (Affirmed without opinion at 107 F.3d 861 (3d Cir. 1997). In *Danley*, the plaintiff sent correspondence to the EEOC indicating that she sought to file a formal complaint against her employer. *Id.* at 1353. Danley submitted no further documentation to the EEOC, and no action was

taken by the EEOC until it issued its standard Right to Sue Letter. *Id.* Judge

William W. Caldwell of this court, held, as a matter of first impression in this

Circuit, that "a private litigant cannot maintain a Title VII claim where his or her

EEOC charge was not verified prior to the EEOC's issuance of a right to sue

letter." *Id.*

Judge Caldwell based this conclusion on two factors. First, it comports with

the plain language of the statute. *Id.* at 1354. Second, the purpose of verification

is to protect the employer from responding to frivolous charges, a protection that is

lost upon issuance of the right to sue letter. *Id, see also Vason v. City of*

*Montgomery*, 240 F.3d 905, 907 (11th Cir. 2001) (holding that even where plaintiff

requested the immediate issuance of a right to sue letter, regardless,  the statute

mandates that charges be made under oath or affirmation and because it is

undisputed that Appellant's charge was not under oath or affirmation, and that

plaintiff never attempted to amend it to correct this error, the matter must be

dismissed).

At oral argument, Plaintiff made a second argument that is simply

unsupported by case law. Plaintiff stated that *Danley* is no longer good law.

However, the primary case relied on by Plaintiff, *Buck, infra*, cites to *Danley*, as it

extended *Danley* and its progeny. *See, e.g.  Buck v. The Hampton Township*

8

*School District,* 452 F.3d 256, 261 (3d Cir. 2006) (acknowledging that the verification requirement is mandatory).

Plaintiff's citation to *Buck , supra,* is inapposite.   *Buck* really is an extraordinary case that lies on the opposite end of the spectrum from *Danley* and Musser.   In *Buck*, the United States Court of Appeals for the Third Circuit stated that equitable considerations apply to excuse an unverified EEOC charge "only in the most unusual cases."   *Id.* at 265.   The Third Circuit explicitly stated that "we expect that the cases in which [*Buck*] applies to be few and far between."   *Id.*   What distinguishes *Buck*, so much so that the Third Circuit took equitable considerations into account and construed the verification requirement flexibly, this Court notes, as follows.   Buck filed her Intake Questionnaire with the EEOC.   *Id.* at 259.   The EEOC asked her to attend a meeting with it, but instead of attending the meeting, Buck's attorney filed a detailed, eight-page charge of discrimination. *Id.*   The EEOC notified Buck's employer of the Notice of Charge of Discrimination and enclosed a copy of her eight-page letter.   *Id.* Not only was the employer notified of the charge of discrimination, but it additionally defended the charge.   *Id.*

The Third Circuit explained that although Buck did not comply with the technical verification requirements, equitable considerations demand that a complainant should not inadvertently forfeit his or her rights.   *Id.* at 264.   "[T]he

9

statutory verification requirement "has the object of protecting employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury."" *Id. citing Edelman v. Lynchburg Coll.,* 535 U.S. 106, 113, 122 S.Ct. 1145, 152 L.Ed.2d 188 (2002).

Musser's situation is simply not comparable to *Buck*, and the extraordinary circumstances of *Buck* are not applicable here.   Plaintiff Musser failed to comply with either the letter or spirit of the law, accordingly. In sum, the Plaintiff failed  to exhaust his administrative remedies.

As a final matter, it is important to note that, summary judgment is appropriate, rather than providing leave for Plaintiff to amend his complaint, because "[w]hen the EEOC has issued its right to sue letter and closed its file, it is not possible for a plaintiff to verify a previously unsworn charge." *Danley*, 921 F.Supp. at 1354.

> EEOC regulations require complainants to verify their administrative allegations, meaning that they are "sworn to or affirmed" before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. §§ 1601.3(a), 1601.9. Administrative regulations, however, also allow for amended verification: if an initial EEOC filing is unverified, a complainant can later swear an oath that "relates back" to confirm the allegations in the initial filing. 29 C.F.R. § 1601.12(b). No statutory provision or EEOC regulation sets a deadline for filing an

> amended charge containing a verification. However, issuance of a
> right-to-sue letter normally terminates the processing of an
> administrative charge. See 29 C.F.R. §§ 1601.28(a)(3), 1601.12(b); *see
> also* EEOC Right to Sue Letter ("The Commission's processing of this
> charge has been concluded.").

*Maillet v. TD Bank U.S. Holding Co.*, 981 F. Supp. 2d 97, 99 (D. Mass. 2013).

Accordingly, because it is not possible for Musser to now amend his claim

to verify it, which renders amending his complaint futile, the matter has been

procedurally defaulted and dismissal is required.

## III.  CONCLUSION:

Defendant's Motion for Summary Judgment will be granted.  Final judgment

will be entered in Defendant's favor.

BY THE COURT:

 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

11